IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DENNIS LEE PATTERSON | § | |
| VS. | § | CIVIL ACTION NO.  9:22-CV-180 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Dennis Lee Patterson, a prisoner currently confined at the Terrell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the 258th Judicial District Court of Polk County, Texas.  On February 2, 2012, Petitioner pleaded guilty in cause number 22008 to a second degree felony offense and was sentenced to twenty years of imprisonment.  As part of the plea agreement, the State dismissed cause number 20833, which was also pending against Petitioner.  Petitioner did not appeal the judgment.

Petitioner filed a state application for habeas relief pursuant to Texas Code of Criminal Procedure 11.07 on, or about, October 25, 2021.[1] The Texas Court of Criminal Appeals denied the application without written order on August 24, 2022.

## The Petition

Petitioner filed this Petition for Writ of Habeas Corpus on October 25, 2022. Petitioner claims the trial judge engaged in *ex parte* communications with the district attorney and Petitioner's psychiatrist. Petitioner also claims trial counsel provided ineffective assistance by filing to challenge the alleged *ex parte* communications or to investigate the admissibility of Petitioner's psychiatric records.

## Analysis

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). There is a one year statute of limitations on federal petitions for writ of habeas corpus brought by state prisoners. 28 U.S.C. § 2244(d). The limitation period begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional state action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on

---

[1] A prisoner's pleading is considered filed on the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The prison mailbox rule applies to Texas post-conviction proceedings as well as filings in federal court. *Richards v. Thaler*, 710 F.3d 573, 577-79 (5th Cir. 2013). Petitioner states that he placed the state application in the prison mail system on October 25, 2021, but it was not received the by clerk and filed until November 22, 2021. For purposes of this Report and Recommendation, the court assumes that Petitioner placed the state application in the prison mail system on October 25, 2021, the date on which the document was executed.

collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The amendment also provides that the statute of limitations is tolled while a state post-conviction review or other collateral attack is pending. 28 U.S.C. § 2244(d)(2).

In this instance, Petitioner contends that the statute of limitations began to run when the factual predicate could have been discovered by due diligence. Based on the record before the court, it is not possible to pinpoint the precise date on which Petitioner should have been aware of his claims concerning alleged *ex parte* communications. Respondent argues that, by exercising due diligence, Petitioner could have discovered the factual basis of his claims when the trial judge resigned from the bench due to alleged misconduct in December of 2013. Because Petitioner was in the custody of TDCJ when the judge resigned and the alleged misconduct was unrelated to Petitioner's case, it seems unlikely that Petitioner would have been aware, or should have been aware by exercising due diligence, of the factual basis of his claims in 2013.

Petitioner states that he learned from a friend on July 11, 2020, that the trial judge had been disciplined for alleged misconduct involving *ex parte* communications in other criminal cases. Petitioner requested documents from the Polk County Clerk's office on September 28, 2020, and he later filed a complaint with the State Commission on Judicial Conduct in December of 2020, alleging that the trial judge engaged in *ex parte* communications with Petitioner's psychiatrist and the district attorney. Petitioner claims that he was unaware of the factual basis of his claim until the complaint was dismissed on February 26, 2021, but it is clear that he was aware of the factual basis of his claims before he filed the complaint with the State Commission on Judicial Conduct because he raised those claims in his complaint. Petitioner does not provide the exact date on which he filed

the complaint, but it was received by the State Commission on Judicial Conduct no later than December 15, 2020, when the complaint was assigned a case number. Although Petitioner was aware of the factual basis of his claims before that date, the court will assume for purposes of this Report and Recommendation that the statute of limitations began to run on December 15, 2020. The statute of limitations was tolled when Petitioner filed his state application for habeas relief on October 25, 2021, and it began to run again on August 24, 2022, when the state application was denied without written order. The limitations period expired on Monday, October 17, 2022. This Petition was untimely because it was filed on October 25, 2022, eight days after the statute of limitations expired. *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (affirming dismissal of habeas petition filed eighteen days after the statute limitations expired); *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999) (affirming dismissal of federal petition filed four days past the limitations period); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (affirming dismissal of habeas petition filed seventeen days after the statute of limitations expired).

The statute of limitations may be equitably tolled in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is only available if: (1) the petitioner diligently pursued his rights, and (2) extraordinary circumstances prevented timely filing. *Id*. Delays of the petitioner's own making are not "extraordinary circumstances." *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). Excusable neglect and ignorance of the law do not justify equitable tolling. *Id*. In this case, Petitioner has not demonstrated that he diligently pursued his rights, or that extraordinary circumstances prevented him from filing a timely petition. As a result, he is not entitled to equitable tolling of the statute of limitations.

Recommendation

This Petition for Writ of Habeas Corpus should be dismissed.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 28th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE